UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60848-CIV-COHN/SELTZER

JEFFREY DONNER,

    Plaintiff,

v.

FLORIDA BRACING CENTER, INC.,
and JAMES MATTERN,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNTS V & VI

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Counts V & VI of Plaintiff's Complaint [DE 11]. The Court has considered the motion, Plaintiff's response [DE 19], Defendants' reply [DE 24], the record in this case, and is otherwise fully advised in the premises.

## I. BACKGROUND

According to the Complaint [DE 1], Plaintiff Jeffrey Donner worked for Defendants Florida Bracing Center, Inc. ("FBC"), and James Mattern (together, "Defendants") from May 2011 through November 2012 as a marketing representative. DE 1 ¶ 20.  Plaintiff alleges that he entered into a verbal agreement with Defendants to market and advertise braces sold by Defendants, and to put potential customers in contact with Defendants so that Defendants could sell braces to them.  Id. ¶ 29.  Under the terms of the agreement, Defendants allegedly agreed to pay Plaintiff a 32% commission on all braces sold to customers that he brought in.  Id. ¶ 30.  Plaintiff claims that Defendants breached the terms of the agreement and failed to pay Plaintiff

$800,000 in commissions. Id. ¶ 32. Plaintiff further alleges that he complained to Defendants throughout his employment about not being paid his commissions. He claims that he repeated his complaint in November 2012 and, as a result, Defendants fired him. Id. ¶ 22.

On April 12, 2013, Plaintiff filed suit against Defendants, bringing the following six claims: (i) recovery of unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against FBC; (ii) wage and hour violations under the FLSA, 29 U.S.C. § 201, *et seq.*, against Mattern; (iii) retaliatory discharge in violation of 29 U.S.C. § 215(a)(3), against both Defendants; (iv) breach of a verbal agreement, against both Defendants; (v) quantum meruit, against both Defendants; and (vi) unjust enrichment, against both Defendants. DE 1. In the instant motion, Defendants seek to dismiss Counts V and VI for failure to state a claim. In the alternative, Defendants assert that Count V should be dismissed as duplicative of Count VI. Plaintiff opposes the motion.

## II. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

In the present motion, Defendants make two arguments for dismissal.  First, they contend that Counts V and VI, as claims in quantum meruit and unjust enrichment, are barred by the existence of an express contract.  Second, and in the alternative, they assert that Count V should be dismissed because it is redundant with Count VI.  The Court will address both of these arguments in turn.

#### A. The Parties Do Not Agree that an Express Contract Exists

First, Defendants assert that Plaintiff's claims for quantum meruit and unjust enrichment fail because the parties agree that an express contract exists.  Florida law provides that, where the parties do not dispute the existence of an express contract, a plaintiff may not bring alternative equitable claims for relief.  See Raven v. Lincoln v. Nat'l Life Ins. Co., No. 07-23137-CIV-HUCK/BANDSTRA, 2011 U.S. Dist. LEXIS

131739, at *23-25 (S.D. Fla. Nov. 15, 2011) (citing D.H.G. Props., LLC v. The Ginn Cos., LLC, No. 3:09-cv-J-34JRK, 2010 U.S. Dist. LEXIS 140208, at *57-58 (M.D. Fla. Sept. 28, 2010)).  However, until the existence of a contract is proven, a motion to dismiss a claim for quantum meruit or unjust enrichment on this basis is premature. Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998).  Here, Defendants claim that "[i]t is undisputed that an express agreement exists in the subject case."  DE 11 at 4.  The Court disagrees.  In the Complaint, Plaintiff alleges that he had a verbal agreement with Defendants.  In their Answer and Affirmative Defenses to Counts I, II, III, and IV of Plaintiff's Complaint, and Demand for Jury Trial [DE 12] ("Answer"), Defendants "deny that a verbal agreement existed between Plaintiff and Defendants."  DE 12 ¶ 26.  Thus, the existence of the verbal agreement is plainly in dispute.

     Defendants respond that, in their Answer, they were merely denying that the agreement was verbal, rather than denying the existence of an agreement at all.  Defendants argue that they never denied the existence of an express contract, and in fact they concede that the parties had signed a written employment agreement.  This argument ignores the contents of Plaintiff's Complaint.  Plaintiff does not allege the existence of a written agreement, or of any other contractual agreements with Defendants.  Plaintiff only alleges the existence of a verbal agreement, which Defendants deny.  Moreover, Defendants never assert that any other type of express agreement exists between the parties.  Therefore, the existence of the agreement is still in dispute, and Counts V and VI may not be dismissed on these grounds.

## B. Count V is Not Duplicative of Count VI

Second, Defendants contend that a claim for quantum meruit is necessarily redundant with a claim for unjust enrichment. Therefore, Defendants argue, Count V is subject to dismissal as duplicative of Count VI. This argument is unavailing, as the two theories of relief are distinguishable. A claim for unjust enrichment is based on a contract implied in law, also known as a 'quasi-contract.' 14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contrs., Inc., 43 So. 3d 877, 880 (Fla. 1st DCA 2010) (citing Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999)). A contract implied in law is not really a contract, in the sense that the parties never indicated, by word or deed, their intent to enter a contractual relationship. Tooltrend, 198 F.3d at 805. Rather, a quasi-contract is found "where it is deemed unjust for one party to have received a benefit without having to pay compensation for it." Id. By contrast, a claim for quantum meruit may be based on contracts implied in law or contracts implied in fact. See Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc., 695 So. 2d 383, 387 (Fla. 4th DCA 1997); see also Tooltrend, 198 F.3d at 806 (noting that "the remedy of quantum meruit derives from contracts 'implied in fact.'"). In response to the instant motion, Plaintiff asserts that his quantum meruit claim is based on a contract implied in fact. A contract implied in fact is one that is "based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words." Id. at 385 (citing 17 Am. Jur. 2d Contracts § 3 (1964)). Such a contract may be formed "where services are rendered by one person for another without his expressed request, but with his knowledge, and under circumstances fairly raising the presumption that the parties understood and intended the compensation was to be paid." Id. at 386 (internal

quotations and citations omitted).  A claim for quantum meruit for breach of a contract implied in fact may be pled alternatively with a claim for unjust enrichment.  Tooltrend, 198 F.3d at 806 n.5.  That is precisely what Plaintiff has done in this case.  Plaintiff's claim for quantum meruit in Count V alleges breach of a contract implied in fact, stating as follows:

> 36.  Plaintiff has provided services to the Defendants.
>
> 37.  The Defendants assented to and received a benefit in the form of services from the Plaintiff under circumstances where, in the ordinary common events, a reasonable person receiving such benefit normally would expect to pay for it.

DE 1 ¶¶ 36-37.  In contrast, his claim for unjust enrichment is based in quasi-contract, alleging that:

> 39.  Plaintiff has conferred a benefit on the Defendants, who have knowledge thereof.
>
> 40.  The Defendants have voluntarily accepted and retained the conferred benefit.
>
> 41.  The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying the value thereof to the Plaintiff.

Id. ¶¶ 39-41.

In response, Defendants cite to Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC, 857 F. Supp. 2d 1294, 1305-06 (S.D. Fla. 2012), wherein the court "treat[ed] [the plaintiff's] quantum meruit and unjust enrichment claims together under the cause of action encompassed by a contracted implied in law."  In doing so, the court noted that, "[t]o describe the cause of action encompassed by a contract implied in law, 'Florida courts have synonymously used a number of different terms — 'quasi-contract,' 'unjust

enrichment,' 'restitution,' 'constructive contract,' and 'quantum meruit.'" 857 F. Supp. 2d at 1306 (quoting Commerce P'ship 8098, 695 So. 2d at 386). However, as noted above, a claim for quantum meruit may be based on either a contract implied in law or in fact. In Merle, the plaintiff's quantum meruit claim was based on a contract implied in law, and thus the quantum meruit and unjust enrichment claims were properly analyzed under the same rubric. See id. at 1306-07. That is not the case in the present matter. Accordingly, because Counts V and VI allege distinct claims for relief, the Court finds that they are not duplicative, and Defendants' motion will be denied.

## IV. CONCLUSION

Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** Defendants' Motion to Dismiss Counts V & VI of Plaintiff's Complaint [DE 11] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendants shall file their Answer and Affirmative Defenses to Counts V and VI by no later than **June 28, 2013**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of June, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.